**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| Patricia Ann Gobbel,                ) | |
|                                        ) | Civil Action No.: 9:19-cv-02131-JMC |
|               Plaintiff,  ) | |
|                                        ) | |
| v.                ) | **ORDER** |
|                                        ) | |
| Andrew M. Saul, Commissioner of Social ) | |
| Security Administration,       ) | |
|                                        ) | |
|               Defendant.  ) | |
| _____) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on May 26, 2020. (ECF No. 25.) The Report addresses Plaintiff Patricia Ann Gobbel's ("Plaintiff") claim for Supplemental Security Income ("SSI") and recommends that the court reverse the decision of the Commissioner of Social Security Administration ("the Commissioner") and remand the matter for further administrative proceedings. (*Id.* at 12.) For the reasons stated herein, the court **ACCEPTS** the Report, **REVERSES** the decision of the Commissioner, and **REMANDS** the action for additional administrative proceedings.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (*Id.* at 1-4.) As brief background, the Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled for purposes of the Social Security Act ("the Act") and denied Plaintiff's claim for SSI. (ECF No. 12-2 at 31.) Although the ALJ found that Plaintiff has "migraine headaches, fibromyalgia, polyarthralgia, spine disorder, major joint disfunction right shoulder, affective disorder, anxiety disorder, post-traumatic stress disorder, and

1

attention deficit disorder," the ALJ concluded Plaintiff ultimately possessed "the residual functional capacity to perform light work" with several additional restrictions. (*Id.* at 21.) Thereafter the Appeals Council ("the Council") denied Plaintiff's request for review. (*Id.* at 1.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action on July 30, 2019. (ECF No. 1.)

Subsequently, the Magistrate Judge issued the Report suggesting the ALJ's decision be reversed and remanded because the ALJ "fail[ed] to properly account . . . for Plaintiff's diminished ability to maintain concentration, persistence, and pace" in the residual functional capacity ("RFC") formulation. (EFC No. 25 at 7.) Specifically, the Report found the ALJ's ascribed restrictions to Plaintiff, including the ability to complete only simple, limited, and repetitive tasks, did not adequately account for moderate limitations in concentration, persistence, and pace. (*Id.* at 6-7.) The Report reasoned "that the ability to perform simple work is not the same as having the ability to *stay on task* during a workday . . . ." (*Id.* at 9 (emphasis in original) (citing *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015).)  The Report further explained the ALJ's other limitations[1] did not sufficiently address Plaintiff's ability to maintain concentration, persistence, and pace. (ECF. No. 25 at 8-11.) Ultimately the Report concluded that, because "the ALJ did not

---

[1] The ALJ limited Plaintiff to performing "simple, limited, and repetitive tasks, but not at a production rate pace," with only occasional interaction with supervisors or the public and up to frequent interaction with co-workers. (ECF No. 12-2 at 24.) Plaintiff could also only receive simple work instructions and make simple work-related decisions. *Id.* Lastly, Plaintiff was limited to tasks that involved only Level 2 Reasoning Development. *Id.*

2

make a proper determination or finding . . . in his decision, it would not be proper for this [c]ourt to try to now do so . . . ." (*Id.* at 11.)  The Report recommended the court reverse the decision of the Commissioner and remand the case for further administrative proceedings pursuant to 42 U.S.C. § 405(g). (*Id.* at 12.)

On May 26, 2020, the parties were apprised of their opportunity to file specific objections to the Report. (ECF No. 25 at 14.) On June 9, 2020, the Commissioner informed the court he would not offer objections. (ECF No. 26.) Plaintiff has similarly not objected to the Report.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). If no party offers specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis added) (quoting FED. R. CIV. P. 72 advisory committee's note). Furthermore, a failure to file specific, written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). Thus, the court may accept,

3

reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

Here, the court has carefully examined the findings of the Report and concludes the ALJ's decision was not supported by substantial evidence. (ECF No. 25 at 4-13.) The Commissioner has notified the Court he will not file objections (ECF No. 26) and Plaintiff has likewise offered no objections. The court discerns no clear error on the face of the Report. Accordingly, the court adopts the Report herein.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 25) and incorporates it herein. Therefore, the decision of the Commissioner of Social Security Administration is **REVERSED**, and this case is **REMANDED** for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 18, 2020
Columbia, South Carolina